Filed 2/20/25  Simon v. Tarlow CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| Estate of BARRY TARLOW, Deceased. | B334406 |
| DAVID HENRY SIMON, | (Los Angeles County Super. Ct. No. 21STPB05851) |
| Appellant, | |
| v. | |
| BARBARA TARLOW RAPPOSELLI and GERALD TARLOW, | |
| Petitioners and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jessica Uzcategui, Judge.  Reversed.

Sheila Pendergast Law Corp. and Sheila W. Pendergast for Appellant.

Polsinelli, John W. Peterson and J. Alan Warfield for Petitioners and Respondents.

## INTRODUCTION

This is the second of two appeals concerning the Estate of Barry Tarlow (Estate). The Estate included a gift to be held in trust for respondent Barbara Tarlow Rapposelli (Barbara),[1] naming appellant David Henry Simon (Simon) as trustee. Barbara executed a disclaimer of the gift. Simon contested the disclaimer, both by filing a petition under Probate Code section 11700[2] and by objecting to two petitions for distribution filed by Barbara and her brother, respondent Gerald Tarlow (Gerald). The trial court ruled Simon lacked standing either to file his own petitions or to object to the petitions filed by Barbara and Gerald.

The rulings were appealed separately; this appeal arises from the rulings on Simon's objections to distribution. In the first appeal, we held Simon had standing to file a petition under section 11700. (*Simon v. Tarlow*, case No. B333665.) Because a petition under section 11700 must be adjudicated prior to issuance of a distribution order, that holding requires reversal here as well.

## FACTS AND PROCEDURAL BACKGROUND

### I. *The Will*

Barry Tarlow's will, executed in November 2005 and subject to subsequent minor modifications in 2006, made a series of specific gifts and left the residue of the Estate to his sister Barbara and brother Gerald "in

---

[1] Respondents are the siblings of decedent Barry Tarlow and share his name. We use first names for clarity. We intend no disrespect.

[2] All future statutory references are to the Probate Code, unless otherwise stated.

equal shares." Gerald was to receive his share "outright and free of trust," but Barbara's share was to be deposited in the "Barbara Tarlow Trust" (Trust). As trustee, Simon was to distribute the Trust funds to Barbara as he felt necessary "for her support, maintenance, health and education." On Barbara's death, the remaining Trust assets would be distributed to Gerald outright; if Gerald had already died, the assets would be distributed to a donor advised fund at Fidelity Charitable Gift Fund (Fidelity Fund).

## II. *Estate Administration*

Barry Tarlow died on April 30, 2021. The will nominated Simon as executor, but Simon declined that role at the request of Barbara and Gerald, allowing them to become the executors while retaining his more limited role as trustee of the Trust. The will was admitted to probate in July 2021. Barbara's share of the residual interest in the Estate was valued at more than $20 million.

In December 2021, Barbara contracted to buy the Fidelity Fund's remainder interest in the Trust funds for $100,000.[3] The contract recites that because Gerald is five years younger than Barbara,[4] the sale price reflects a discount based on the likelihood that Barbara would predecease Gerald and Fidelity Fund's interest would be extinguished. It also recites Barbara's intent to petition for modification of the Trust, and her intent to disclaim her interest in the Trust if that petition proved unsuccessful.

In January 2022, Barbara and Gerald filed an ex parte petition to appoint themselves as trustees of the Trust, replacing Simon, and to modify

---

[3] Barbara did not use any funds obtained from the Estate to complete this transaction.

[4] Barbara was either 77 or 78 at the time.

3

the terms of the Trust to allow Barbara to decide how the Trust assets would be distributed if Gerald predeceased her. Simon objected, and the trial court denied the petition without prejudice because the ex parte requirements had not been met.

Also in January 2022, Barbara and Gerald settled the only creditor's claim made against the Estate. Marcia Morrissey, Barry Tarlow's long-term partner, had filed a claim for $16 million. Barbara and Gerald settled the claim for $4.5 million.

### III.    *Final Distribution*

In July 2022, Barbara and Gerald filed a petition under section 11600 for final distribution of the Estate and payment of attorney's fees. The petition said Barbara had disclaimed her share of the residue of the Estate, and Gerald had disclaimed his interest in the tangible personal property of the Estate, a portion of which had already been sold for $694,721. Under the terms of the will, this meant Barbara would get Gerald's share of the tangible personal property in the Estate, and Gerald would get Barbara's share of everything else.

In September 2022, Simon objected to the petition, arguing Barbara had not properly disclaimed her interest and authorizing the distribution would improperly deprive the Trust of funds for Barbara and for the Fidelity Fund. In October 2022, Simon filed his own petition under section 11700, asking the court to distribute Barbara's interest to him as trustee of the Trust, and to rescind Barbara's purchase of the Fidelity Fund's interest in the Trust as an illegal contract.

Barbara and Gerald demurred to Simon's petition, and moved for judgment on the pleadings as to Simon's objection to their petition, on the

4

grounds that Simon lacked standing to seek relief against Barbara. The trial court sustained Barbara and Gerald's demurrer, with leave to amend, ruling Simon had no standing to file a petition. The court continued the hearing on the motion for judgment on the pleadings.

Simon filed an amended petition, again asking the court to determine that Barbara had neither properly disclaimed her share of the residue of the Estate, nor properly purchased Fidelity Fund's remainder interest in that share. Barbara and Gerald again demurred.

Barbara and Gerald also filed a supplemental petition, seeking distribution to Gerald of the portion of the Estate which was undisputedly his, and payment of attorney's fees incurred in litigating against Simon. Simon objected.

The trial court ruled on the demurrer to Simon's amended petition, the motion for judgment on the pleadings as to Barbara and Gerald's original petition, and the supplemental petition in sequence on the same day. The court sustained the demurrer without leave to amend, finding that Simon had not changed his petition except to add further legal argument which it found unpersuasive. The court granted Barbara and Gerald's motion for judgment on the pleadings as to their original petition. The court granted the supplemental petition as well, ordering the distribution of Gerald's share and payment of attorney's fees.

Simon timely appealed both the grant of Barbara and Gerald's motion for judgment on the pleadings and the grant of their supplemental petition.

## DISCUSSION

The sustention of the demurrer and orders related to Simon's own petition were the subject of a separate, companion appeal. (*Simon v. Tarlow*,

5

B333665.) There, we concluded that Simon had standing to bring his petition under section 11700. (*Ibid.*) That result determines the outcome of this appeal as well.

As noted above, the trial court heard the demurrer to the section 11700 petition on the same day as the motion for judgment on the pleadings as to the section 11600 petition. The trial court properly heard the demurrer to the section 11700 petition first, then granted the motion for judgment on the pleadings as to the section 11600 petition "for the same reasons that are articulated in the court's ruling on the demurrer." Simon argues in a footnote and without citation to authority that if he has standing to file a petition under section 11700, he must necessarily have standing to object to a petition for final distribution under section 11600. However, he also argues there is a different standing analysis for each of those sections. Barbara and Gerald argue the standing analysis is the same.

We need not discuss those issues to resolve this appeal.[5] As the trial court recognized when it took the demurrer first in order, a petition under section 11700 precedes a petition for distribution under section 11600, because a petition under section 11700 "determines the persons entitled to distribution of the decedent's estate and specifies their shares." (§ 11705, subd. (a); see also *Estate of Flores* (2024) 98 Cal.App.5th 619, 631 ["If no petition is filed under section 11700, the court may determine who is entitled to distribution in a final distribution order"].) Therefore, our decision that Simon is entitled to bring his section 11700 petition requires that the trial court's subsequent contested distribution orders be vacated as well. After the

---

[5]    In fact, in light of our decision in the other appeal, those issues may not be justiciable at this time. (See *Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1573–1574.)

6

court has ruled on the merits of Simon's petition under section 11700, thereby deciding whether he is entitled to a distribution, it may again proceed to entertain petitions for distribution under section 11600.

## DISPOSITION

The trial court's orders granting the motion for judgment on the pleadings and granting the supplemental petition for distribution are reversed. Simon shall recover his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ZUKIN, Acting P. J.

WE CONCUR:

MORI, J.

DAUM, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.